Eastern Dist
*May*, 1829.

PERCY
& AL.
*vs.*
MILLAUDON
& AL.

---

## WEIMPRENDER vs. FLEMING.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The plaintiff claimed a sum of money lent to the defendant, under a notarial act, by which two slaves were mortgaged by the defendant. There was a prayer for citation and judgment, and a writ of seizure and sale was obtained.

The defendant pleaded that neither the petition or citation were served on him in the French language; that proceedings could not be carried on at once, both by the *via ordinaria* and *via executiva*—the exception of *non numerata pecunia*, and the general issue were added.

The plaintiff filed a supplementary peti-

A party canno' proceed, at once, by the *via executiva* and the *via ordinaria*. If he do, the order of seizure is to be set aside.

The plea of *non num. pecunia* cannot be resisted by evidence on an existing note.

Eastern Dist.
May, 1829.

WEIMPREN-
DER
*vs.*
FLEMING.

tion, by which he stated the consideration of the mortgage. To this the general issue was pleaded.

There was a verdict and judgment for the plaintiff, and the defendant appealed.

The appellant's counsel has urged that:

1. The dilatory exceptions, particularly that on joining the *via executiva* to the *via ordinaria*, were incorrectly overruled.

2. The plea of *non numerata pecunia* could only be met by evidence of the numeration of the money, as stated in the act, not by proof of a pre-existing debt.

3. Such evidence was excepted to and inadmissible.

The exception to the want of service of copies, in the French language, of the petition and citation, was properly overruled, as there is neither allegation or proof, that that language is the vernacular one of the defendant.

That to the joining of the two ways, in the same petition, was properly disposed of, by the dismissal or setting aside of the order of seizure and sale—but the judge erred in not doing so, at the costs of the plaintiff.

The notarial act states the defendant ac-

knowledged himself indebted to the plaintiff
for money lent. The plaintiff has urged that the plea of *non numerata pecunia* came too
late after two years—this proposition is incorrect in point of fact. The notarial act is of May third, 1821, and the exception was pleaded on the tenth of May, 1822.

The notarial act states the money, for which the mortgage was due, was loaned by the plaintiff to the defendant; the supplemental petition states the defendant owed several minors represented by the plaintiff, and being unable to pay, craved an extension of credit, which was granted, on his binding himself to pay the plaintiff, and to allow him ten per cent. a year interest. This was a loan *brevi manu*, and if a higher rate of interest had been stipulated, evidence of the fact would have supported a charge for an usurious loan. The plaintiff, by this transaction, became liable to the minors, in the same manner as he had counted off the money to the defendant, and received it back in discharge of the claim of the minors.

It is therefore ordered, adjudged and decreed, that the judgment of the district court,

East'n District.
May, 1829.

WEIMPRENDER
*vs.*
FLEMING.

so far as it allows full costs to the plaintiff be annulled, avoided and reversed, and that the plaintiff and appellee pay costs in this court, and in the inferior court up to the day of the dissolution of the order of seizure and sale, and the defendant and appellant pay costs below, from that time, and that, as to the rest, the judgment be affirmed.

*Soule* for plaintiff—*Hennen* for defendant.